**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| DAVID DERRICK, DOUG HAYMORE, and JEFFREY PETERSON, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C.A. No. 2025-1004-SEM |
| TULA HEALTH, INC., a Delaware Corporation, | ) ) ) ) | |
| Defendant. | ) ) ) | |

## ORDER DENYING MOTION FOR FEES ON FEES

WHEREAS, on September 4, 2025, David Derrick, Jeffrey Peterson, and Doug Haymore (the "Plaintiffs") initiated this action seeking advancement of attorneys' fees and other expenses in a lawsuit filed in Davis County, Utah (the "Utah Proceeding"); the Plaintiffs pled Tula Health, Inc. (the "Defendant") was obligated to advance their fees and expenses because the Plaintiffs were sued in their capacities as former officers, directors, and agents;

WHEREAS, the Plaintiffs' claim for advancement was filed in this Court per 8 *Del. C.* § 145(k) and arose from the Defendant's certificate of incorporation (the "COI"), and the Defendant's bylaws (the "Bylaws");

WHEREAS, the COI provides, in pertinent part:

The Corporation shall indemnify, advance expenses, and hold harmless, to the fullest extent permitted by applicable law as it presently

exists or may hereafter be amended, any person (a "Covered Person") who was or is made or is threatened to be made a party or is otherwise involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (a "Proceeding"), by reason of the fact that he or she, or a person for whom he or she is the legal representative, is or was a director or officer of the Corporation or, while a director or officer of the Corporation, is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation or of a partnership, joint venture, trust, enterprise or nonprofit entity, including service with respect to employee benefit plans, against all liability and loss suffered and expenses (including attorneys' fees) reasonably incurred by such Covered Person.

WHEREAS, the Bylaws provide, in pertinent part:

Expenses incurred in defending any action or proceeding for which indemnification is required . . ., following authorization thereof by the Board of Directors, shall be paid by the Company in advance of the final disposition of such action or proceeding upon receipt of an undertaking by or on behalf of the indemnified party to repay such amount if it shall ultimately be determined by final judicial decision from which there is no further right to appeal that the indemnified party is not entitled to be indemnified as authorized in this Article VI.

WHEREAS, this action was promptly assigned to me and set for expedited consideration; but, by September 17, 2025, the parties were near a resolution and requested more time to confer; by letter dated September 19, 2025, the parties reported that the Defendant "is not disputing [the] Plaintiffs' entitlement to advancement under the [COI] or [Bylaws], although discussions are ongoing about fees-on-fees[;]"

2

WHEREAS, on September 24, 2025, the parties submitted their stipulated procedure for advancement; the stipulation, which I granted on September 25, 2025, set forth a *Fitracks* procedure but did not resolve fees-on-fees; rather, it provided:

> Counsel for the parties, including senior Delaware counsel, are actively discussing whether Plaintiffs are entitled to Fees on Fees in connection with Plaintiffs' commencement and prosecution of this action. If the parties are unable to reach resolution on this issue within seven (7) calendar days of entry of this Order (the "Negotiation Period"), the parties are permitted to raise the dispute for the Court's adjudication. In that case, the parties shall file simultaneously submissions not to exceed 3,000 words, seven (7) calendar days after the end of the Negotiation Period and the Court shall determine whether a hearing is warranted.

WHEREAS, the parties did not resolve fees-on-fees, simultaneous submissions were filed on October 8, 2025 (the "Submissions"), and, on October 15, 2025, the parties confirmed that the only question before me is whether the Plaintiffs are entitled to fees-on-fees (not the reasonableness of the specific fees-on-fees requested);

WHEREAS, the Submissions confirm the following timeline:

A. On June 16, 2025, JRE Investment Holdings, LLC filed the Utah Action against the Plaintiffs.[1]

B. Through letter dated July 25, 2025 (the "First Demand"), the Plaintiffs first sought advancement of attorneys' fees and expenses incurred in connection with

---

[1] Docket Item ("D.I.") 13 ("Opp.") ¶ 3.

the Utah Action.[2] The First Demand was expressly premised on certain indemnification agreements (the "Indemnification Agreements") and requested confirmation that the expenses would be advanced by July 29, 2025.[3] By August, the Defendant had not responded to the First Demand.

C.    Through letter dated August 8, 2025 (the "Second Demand"), the Plaintiffs renewed their demand, and threatened to seek court enforcement of the Indemnification Agreements if the Defendant did not comply by August 11, 2025.[4]

D.    On August 11, 2025, the Defendant responded to the First Demand and the Second Demand, refusing to advance fees, taking the position that the Indemnification Agreements were unenforceable and voidable under Utah law.[5]

E.    Through letter dated September 3, 2025 (the "Third Demand"), the Plaintiffs made a final demand, asserting for the first time (at least in the record in this Court) that the Bylaws provide for mandatory advancement and providing undertakings on behalf of each of the Plaintiffs.[6] Unlike the First Demand and the Second Demand, the Plaintiffs did not demand a response to the Third Demand by

---

[2] D.I. 12 ("Mot.") ¶ 8; Opp. ¶ 3.

[3] D.I. 1 ("Compl.") Ex. 7. The Indemnification Agreements each include a nonexclusivity clause which provides the rights therein are in addition to any rights under the COI and Bylaws. *Id.*

[4] Mot. ¶ 9; Opp. ¶ 3; Compl. Ex. 8.

[5] Mot. ¶ 10; Opp. ¶ 3; Compl. Ex. 9.

[6] Mot. ¶ 12; Opp. ¶ 3.; Compl. Ex. 10.

a specific date. Nevertheless, the next day, less than 24-hours after serving the Third Demand, on September 4, 2025, the Plaintiffs filed the complaint in this action.[7]

WHEREAS, "[t]his Court awards fees on fees when a plaintiff successfully shows an entitlement to advancement that wrongfully was withheld by the defendant corporation[;]"[8]

WHEREAS, the Delaware Supreme Court has explained that "indemnification for expenses incurred in successfully prosecuting an indemnification suit are permissible under [Section] 145(a) [of the DGCL], and therefore 'authorized by law'[,]" and "indemnification rights give[] recognition to the reality that the corporation itself is responsible for putting the director through the process of litigation [and] . . . prevents a corporation from using its 'deep pockets' to wear down a former director, with a valid claim to indemnification, through expensive litigation[;]"[9]

---

[7] Mot. ¶ 13; Opp. ¶ 3.

[8] *In re Genelux Corp.*, 2015 WL 6390232, at *6 (Del. Ch. Oct. 22, 2015); *see Fasciana v. Elec. Data Sys. Corp.*, 829 A.2d 178, 183 (Del. Ch. 2003) ("When . . . the corporation wrongfully refuses to honor the official's advancement request, and, as a result, the official needs to bring a § 145 claim to enforce his contractual right, then . . . reasonable fees on fees are in order.").

[9] *Stifel Fin. Corp. v. Cochran*, 809 A.2d 555, 561 (Del. 2002); *see also Levy v. HLI Operating Co.*, 924 A.2d 210, 225 (Del. Ch. 2007) ("the defendant-corporation, by forcing the plaintiff to litigate its right to indemnification, was responsible for the plaintiff incurring fees in the first place").

WHEREAS, a plaintiff is not, however, entitled to fees on fees when the defendant corporation "has not disputed [the plaintiff's] right to indemnification or refused to pay reasonable expenses[;]"[10] and "[f]ees incurred by Plaintiffs to prosecute a claim that [the defendant corporation] would have been justified in rejecting are not recoverable as "fees on fees[;]"[11]

**IT IS HEREBY ORDERED** this 24th day of November, 2025, as follows:

1.      The Plaintiffs' application for fees on fees is DENIED.

2.      Although the COI and Bylaws provide for advancement to the fullest extent permitted under Delaware law, the Plaintiffs have not shown the Defendant wrongfully withheld advancement thereby forcing the Plaintiffs to litigate advancement rights and making an award of fees on fees appropriate.

3.      The Plaintiffs argue they filed this action after the Defendant failed to advance expenses for some forty days after the First Demand. But the First Demand was premised on the Indemnification Agreements. Sure, the Defendant "had actual possession and control over" the COI and Bylaws, but the Plaintiffs did not make any demand thereunder until less than 24 hours before this action was filed.[12] The

---

[10] *Hong Bin v. Heckmann Corp.*, 2010 WL 187018, at *5 (Del. Ch. Jan. 8, 2010).

[11] *Wong v. USES Hldg. Corp.*, 2016 WL 1436594, at *2 (Del. Ch. Apr. 5, 2016).

[12] Nor did the Indemnification Agreements expressly reference or acknowledge co-existing advancement rights in the COI or Bylaws; they merely mentioned that the rights in the Indemnification Agreements were nonexclusive and in addition to "any rights to which [the Plaintiffs] may be entitled" under the COI and Bylaws. Compl. Ex. 7.

6

Plaintiffs' argument that the Defendant's response to the First Demand and Second Demand was "fiery" and in "substance and tone" indicative that the Defendant would not honor advancement under the COI or Bylaws is unpersuasive.

4.     On the record before me, it would be unreasonable to find the Defendant wrongfully withheld advancement.[13] This is not a "hyper-technical" holding; it is an equitable one. Because the Defendant did not force this litigation, nor did it wrongfully withhold advancement, the request for fees on fees must be denied.[14]

---

[13] This "wrongful withholding" is the key and an inquiry separate from the lack of any pre-suit demand requirement in Section 145 or the COI and Bylaws. *See Cochran*, 809 A.2d at 559–60. Because I hold advancement was not wrongfully withheld, I decline to address the undertaking arguments.

[14] The Plaintiffs argue that denying them fees on fees "contravenes the two purposes of Section 145: '(a) allowing corporate officials to resist unjustified lawsuits, secure in the knowledge that, if vindicated, the corporation will bear the expense of litigation; and (b) encouraging capable women and men to serve as corporate directors and officers, secure in the knowledge that the corporation will absorb the costs of defending their honesty and integrity.'" Mot. ¶ 43 (quoting *VonFeldt v. Stifel Fin. Corp.*, 714 A.2d 79, 84 (Del. 1998)). They also appear to argue that asking them to wait longer after the Third Demand would be "clearly against Delaware's policy of resolving advancement issues as quickly as possible." *Id.* ¶ 53 (quoting *Tafeen v. Homestore, Inc.*, 2005 WL 1314782, at *3 (Del. Ch. May 26, 2005)). I disagree. "Delaware law authorizes fees-on-fees proportionate to an advancement claimant's degree of success." *Goldman v. LBG Real Est. Cos., LLC*, 2024 WL 773537, at *1 (Del. Ch. Feb. 26, 2024). This limitation "encourages parties seeking advancement or indemnification to raise only substantial claims and encourages corporations to compromise worthy claims (lest they suffer a fees on fees award) and resist less meritorious claims (knowing that success will bar a fees on fees recovery for the plaintiff)." *Fasciana*, 829 A.2d at 184. Here, the Defendant resisted the non-meritorious claims forecasted in the First Demand and the Second Demand, then quickly compromised the worthy claims, raised for the first time in the Third Demand. On this record, I see no reason the Defendant should "suffer" a fees on fees award.

5.      This is a magistrate's report under Court of Chancery Rule 144. Consistent with the Chancellor's assignment letter, I will remove the stay on exceptions. Notice of any exceptions must be filed within 3 business days.

**IT IS SO ORDERED.**

*/s/ Selena E. Molina*
Senior Magistrate Judge
